### JAMES H. RUDY ET AL *v.* N. CARTWELL.

**Partnership—Equality of Investments.**

In a partnership, where equal interests invested are to bear equal profits, the value of the articles put in the business at the time furnished is the basis for determining the capital advanced.

**Same—Liability of One Partner in Severalty to the Other.**

One of the partners, in a partnership, having furnished a larger amount of funds than his portion, the others were severally liable to him for the difference to make the capital furnished by all, equal.

**Same.**

One of them would not be liable jointly with the other, for the sum he would pay, a joint judgment therefor would be erroneous.

APPEAL FROM UNION CIRCUIT COURT.

January 11, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This controversy has grown out of a co-partnership entered into by the parties in January, 1862, in the firm name of Pierson & Rudy, "for the purpose of purchasing, stemming, shipping and dealing in tobacco," the interest of the appellee, Cartwell, and of

the appellant, Rudy, being one-third each, and that of the appellants, Thompson and Peirson, being jointly one-third.

By their contract, the parties so representing equal interests, were to furnish equal amounts of capital and "share equally the profits or bear alike the losses." It was further stipulated that Rudy would devote his personal attention to the business, and should be entitled to receive forty dollars per month for his services, and it being supposed that some of the partners would not be able to furnish their full share of money, and some might furnish more, or they might have to borrow money, it was agreed that

> "Those not furnishing the full amount will be charged interest and those furnishing more than a share allowed interest, to make everything fair and equal."

As was contemplated, the parties furnished the capital required by their business, in unequal proportions, the appellee furnishing greatly more than his equal share, and the contributions of the other partners were also unequal.

Of the tobacco purchased, it appears that besides various quantities sold in this country, amounting to $5,318.98, which was equally divided between the partners, according to the terms of their contract, they consigned ninety-six hogsheads of stripped tobacco to the house of John Stuart Oxley & Co., in London, England, for sale and which were sold on their acocunt, yielding the net sum of £6,575, S. O. D. 8—besides £92 -7 8 allowed by the London house as interest, making the aggregate net proceeds of the tobacco £6,667 -8 -4.

Of this sum the appellants appear to have withdrawn, as their own money, near two-thirds, leaving in the consignee's hands, to the credit of the appellee, about the amount of the other third, which he seems to have accepted.

But the relative liabilities of the several partners to each other, on account of capital invested, and for interest upon it, remaining unadjusted, the appellee brought this suit in June, 1867, exhibiting an account of capital furnished, and drawn out by the several members of the firm, and showing a large excess of capital furnished by him over that of either Rudy or Thompson and Peirson, and insisting that he was not only entitled to have to his credit in London his third part of the net proceeds of the 96 hogsheads of tobacco, but that his co-partners should have also left

subject to his control, so much more of the stirling funds in London, as the amount due him for excess of capital advanced, the same having been furnished, as he alleged, in means equivalent to gold; and he prayed a settlement of the partnership and a judgment for the amount due him on that basis.

The defendants did not controvert the plaintiff's exhibit of the capital furnished, further than to allege that the appellant as well as themselves, furnished currency and debts on individuals, and not gold, as capital; and that when the tobacco was purchased in 1862, the currency and commodity paid, was not used or accepted as gold, but as currency then depreciated, and they denied the right of the plaintiff to be paid the excess of his capital over theirs, out of the stirling pounds of the tobacco sold in London, on the basis claimed by him, but they insisted that under the contract he was only entitled to payment from them respectively, of such sums, in currency, or its value, as would equalize them with him in capital advanced under the contract, and they alleged that in the spring of 1864, they tendered to the plaintiff in currency, the amount then due him, which he refused to accept, and controverted his claim to interest accruing after the alleged tender.

The court adjudged that the plaintiff recover against the defendants jointly, $5,919.12, with interest from the 7th of January, 1865, and his costs, but provided that the defendants might discharge the judgment by paying *in currency* $8,227.57 with interest as aforesaid. And from that judgment this appeal is prosecuted.

The judgment, which is on the basis suggested in the petition, is deemed erroneous in two essential particulars.

First. It appearing that the capital invested by the appellee was not in gold, or its equivalent, but in currency and debts used in purchasing tobacco, their value in money at the time they were were furnished, with legal interest thereon, formed the true basis for determining the amount of the capital advanced by the appellee in excess of that of his co-partners, to be ascertained in like manner; the equitable rule adopted in the cases of *Stapp vs. Farmers' Bank, 1 Bush, 335,* being deemed peculiarly applicable to this case. And the contract, as we construe it, not being such as to secure to the appellee restriction of the nominal amount of his capital out of any particular fund into which the property of the firm might be converted .

Second. The apepllee having furnished a larger amount of capital than either Rudy or Thompson & Peirson, they were severally liable to him for such sums as should have been furnished by each of them (Thompson & Peirson being regarded as representing one-third interest jointly) to make the capital furnished by all equal; but one of them was not liable jointly with the other, for the sum he should so pay, nor to contribute to its payment, unless for some cause not appearing in this case, part of the partners should be required to share a loss caused by the default of some member of the firm. If, therefore, the sums due to the appellee from the other parties severally, amounted in the aggregate to the sum adjudged, the joint judgment therefor was nevertheless erroneous.

It seems to us the tender which the appellants offered to make in currency, was not such as the appellee was legally required to accept, the occrueal of interest, therefore, was not thereby suspended.

But, for the errors indicated, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Rudy & Peirson, Stevenson & Myers, for appellants.*

*Huston, for appellee.*